UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEROME A. SEALS and JESSIE
WRIGHT

CIVIL ACTION

VERSUS

NO: 15-6876

DEPARTMENT OF HEALTH AND
HOSPITALS, OFFICE OF CITIZENS
WITH DEVELOPMENTAL
DISABILITIES

SECTION: R

## ORDER AND REASONS

Defendant, the State of Louisiana, through the Department of Health and Hospitals, moves to dismiss plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(6).[1]  For the following reasons, the Court grants the motion.

## I.   BACKGROUND

This matter arises out of a dispute between plaintiffs Derome Seals and Jessie Wright and "Superior Options of LA," a vendor for defendant, the Louisiana Department of Health and Hospitals (DHH).  The facts, as alleged in plaintiffs' complaint, are as follows.

---

[1] R. Doc. 9.

Seals and Wright are father and son.[2]  Wright participates in the "New Opportunities Waiver" (NOW) program and receives services from DHH's Office for Citizens with Developmental Disabilities.[3]  Superior Options is a vendor that provides NOW-related services at the "direct[ion]" of DHH.[4]

On April 5, 2014, "the defendant"--apparently a reference to Superior Options--drove Wright from his home to a doctor's appointment.[5]  During the return trip, an argument ensued between Wright and the driver of the vehicle, Anastasia Young.[6]  Young shouted obscenities, and Wright became upset and exited the vehicle.[7]  According to plaintiffs' complaint, Wright contends that Young "put him out of her auto," while Young maintains that Wright jumped out of the vehicle while it was traveling at a low rate of speed.[8]  Young called Seals to inform him of the situation and reported the incident to the local

---

[2] R. Doc. 1 at 2.

[3] *Id.*

[4] *Id.*

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.*

police.[9]  Later that day, police officers located Wright.[10]  A scuffle ensued and, according to a police report that plaintiffs submit as an exhibit to their complaint, Wright shoved one officer and fled on foot.[11]  Eventually, officers apprehended Wright and arrested him for battery, flight from an officer, and resisting arrest.[12]  Seals posted a cash bond on Wright's behalf, paid various court fees, and retained an attorney to represent Wright in the criminal case.[13]

On April 7, Seals and possibly Wright met with "the defendant"--again, apparently meaning Superior Options--to discuss the altercation between Wright and Young.[14]  Young did not show up to the meeting.[15]  Although Seal demanded to see the "policy" documents that supported Young's decision to call the police, "the defendant" did not produce the documents.[16]  On August

---

[9] *Id.* at 3-4

[10] *Id.*

[11] R. Doc. 1-1 at 4.

[12] R. Doc. 1 at 4; R. Doc. 1-1 at 4.

[13] R. Doc. 1 at 4-5.

[14] *Id.*

[15] *Id.*

[16] *Id.*

3

14, Seals asked Superior Options for its investigation results and/or its file on the incident, and Superior Options refused to provide the documents.[17]

As a result of these events, Seal and Wright allegedly sustained psychological and emotional trauma, loss of appetite, and other injuries.[18] Wright, who had no prior arrests or convictions, also obtained a criminal record.[19] Plaintiffs seek monetary damages from DHH for these injuries under the due process clause of the Fourteenth Amendment, the cruel and unusual punishment clause of the Eighth Amendment, the Protection and Advocacy for Individuals with Mental Illness Act of 1986, Titles II and IV of the Americans with Disabilities Act, and the Developmental Disabilities Assistance and Bill of Rights Act of 2000.[20] Plaintiffs also assert claims under Louisiana tort law, including negligence and intentional infliction of emotional distress.[21]

DHH moves to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiffs have failed to plead a claim against DHH upon which relief may be granted.  Plaintiffs oppose the motion on the

---

[17] *Id.* at 5-6.

[18] *Id.* at 6.

[19] *Id.*

[20] *Id.*

[21] *Id.*

grounds that "but for defendants' negligence," plaintiffs would not have sustained various injuries.[22]

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.*  In other words, the face of the complaint must contain enough factual matter to raise a reasonable

---

[22] R. Doc. 11 at 1-2.

expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

Finally, courts construe briefs submitted by pro se litigants liberally, and a court will "apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam); *see also see Abdul–Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 n. 1 (5th Cir. 1983). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a pro se plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 Fed. App' x 949, 951–52 (5th Cir. 2009).

## III.   DISCUSSION

To begin, plaintiffs fail to state a claim as a matter of law under either the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. § 10801 *et seq.*, or the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. § 15001, *et seq.*, because neither statute creates privately enforceable federal rights. *See*

*Monahan v. Dorchester Counseling Ctr., Inc*, 961 F.2d 987, 994 (1st Cir. 1992) (concluding that Restatement of Bill of Rights for Mental Health Patients, 42 U.S.C. § 10841, creates no enforceable federal rights); *Darnell v. Jones*, No. CIV-12-1065-M, 2014 WL 4792144, at *3 n. 4 (W.D. Okla. Sept. 24, 2014), *aff'd*, 610 F. App'x 720 (10th Cir. 2015) ("[T]he PAIMI Act authorizes certain protection and advocacy systems to bring suit regarding access to patient records; its provisions do not provide a private cause of action to an individual such as Plaintiff."); *Dowdell v. Love's Travel Stop*, No. 7:12CV00516, 2013 WL 3655666, at *1 (W.D. Va. July 12, 2013), *aff'd*, 544 F. App'x 199 (4th Cir. 2013) ("The DD Act does not confer privately enforceable substantive rights."); *Smith v. Au Sable Valley Cmty. Mental Health Servs.*, 431 F. Supp. 2d 743, 750 (E.D. Mich. 2006) (finding the DD Act does not create an individual federal right that can be enforced in a Section 1983 action).

Plaintiffs also fail to state a claim under Title II of the Americans with Disabilities Act.  Title II of the ADA prohibits disability discrimination in the provision of public services.  *See Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011).  Specifically, 42 U.S.C. § 12132 states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such

7

entity."  Plaintiffs do not allege that DHH treated Seal or Wright differently than others because of any disability.  Nor do they allege that any of the incidents described in their complaint resulted from discrimination in the provision of public services.  Although the Court construes plaintiffs' complaint broadly because of their *pro se* status, *see Davison v. Huntington Ingalls, Inc.*, 712 F.3d 884, 885 (5th Cir. 2013), the Court cannot discern from plaintiffs' pleadings any possible examples of disability-based discrimination in violation of Title II of the ADA.

Plaintiffs' claims also fail under Title IV of the ADA, which requires common carriers to follow federal regulations that are designed to ensure that individuals who are "deaf, hard of hearing, deaf-blind, or who ha[ve] a speech disability" have the ability to "engage in communication by wire or radio . . . in a manner that is functionally equivalent to the ability" of a non-disabled person to engage in such communication.  47 U.S.C. § 225; *see also Roque v. AT & T's Inc.*, No. CIV.A. 13-434, 2013 WL 3832692, at *1 (E.D. La. July 23, 2013).  Although plaintiffs allege that Wright has moderate learning and developmental disabilities, they have not alleged that Wright or Seal have a disability addressed by Title IV or that DHH failed to ensure that they could communicate by wire or radio.

Turning to plaintiffs' constitutional claims, plaintiffs' charge DHH with violating the due process clause of the Fourteenth Amendment, as well as the Eighth Amendment's prohibition on cruel and unusual punishment. The Court infers that plaintiffs' claims against DHH fall under 42 U.S.C. § 1983. The elements of a Section 1983 cause of action are: (1) a deprivation of rights secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor. *See Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Plaintiffs' claims fail under the first element because they have not alleged that DHH deprived Seal or Wright of rights secured by either of the cited constitutional provisions.

The Fourteenth Amendment prohibits state actors from depriving "any person of life, liberty, or property, without due process." U.S. Const. amend. XIV. Although plaintiffs allege, in a conclusory manner, that DHH "fail[ed] to exercise due process," there is no allegation that DHH deprived plaintiffs of a right to which the Fourteenth Amendment's due process protection applies.[23] Nor do plaintiffs plead facts from which the Court can infer a foundation for

---

[23] Although the named defendant in this suit is DHH, plaintiffs level most of their allegations against Superior Options and its employee, Young. The doctrine of respondeat superior is inapplicable in Section 1983 suits. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996). To the extent plaintiffs rest their constitutional claims against DHH on allegations that Superior Options failed to adequately perform services that DHH retained it to perform, they fail to state a claim upon which relief can be granted.

their due process claim. Instead, plaintiffs appear to ground their claims against DHH in allegations that Superior Options and/or Young were negligent in their provision of NOW-related services to plaintiff Wright. These allegations fail to state a Section 1983 claim against DHH for two reasons. First, the doctrine of *respondeat superior* is inapplicable in Section 1983 suits. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996). Thus, plaintiffs' allegations that Superior Options and/or Young failed to adequately perform services that DHH "direct[ed]" them to perform fail to state a Section 1983 claim against DHH. Second, as the Supreme Court and the Fifth Circuit have held, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." *Herrera v. Millsap*, 862 F.2d 1157, 1160 (5th Cir. 1989) (quoting *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). Plaintiffs' allegations of negligent conduct therefore fail to state a Section 1983 claim against DHH sounding in the due process. *See Shadley v. Grimes*, 405 F. App'x 813, 815 (5th Cir. 2010) (affirming summary judgment dismissal of Section 1983 claims against police officer whose conduct constituted no more than negligence).

As to the Eighth Amendment, that amendment provides that "[e]xcessive bail shall not be required, no excessive fines imposed, nor cruel

and unusual punishment inflicted."  U.S. Const. amend. VIII.  The Eighth Amendment protects only those who have been convicted of a crime.  *See Thibodeaux v. Bordelon*, 740 F.2d 329, 333–34 (5th Cir. 1984) (citing *Ingraham v. Wright*, 430 U.S. 651, 664, 671–72 (1977)).  Because plaintiffs do not allege that Seal or Wright were convicted of crimes at the time of Wright's verbal altercation with Young--much less punished unconstitutionally by DHH, a public health agency--their Section 1983 Eighth Amendment claims fail as well.

Each of the remaining claims alleged in plaintiffs' complaint arise under Louisiana law, particularly under the tort of negligence.  The Court dismisses those claims for lack of jurisdiction.  *See* 28 U.S.C. 1367(c) (noting that a district court may decline to exercise supplemental jurisdiction over a claim once the court dismisses all claims over which it had original jurisdiction); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993).

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Ordinarily, "a court should grant a *pro se* party every reasonable opportunity to amend."  *Hale v. King*, 642 F.3d 492, 503 n. 36 (5th Cir. 2011)

(quoting Pena v. United States, 157 F.3d 984, 987 n. 3 (5th Cir. 1998)).  When it is apparent, however, that amendment would be futile, dismissal without leave to amend is appropriate.  Here, it is apparent from the allegations in plaintiffs' complaint that amendment will be futile.  Plaintiffs' opposition memorandum reinforces this conclusion, as it demonstrates that plaintiffs' claims against DHH sound in negligence and therefore present issues of state, not federal law.  Accordingly, this dismissal is entered without leave to amend.

New Orleans, Louisiana, this 20th day of April, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE