UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEROME A. SEALS and JESSIE WRIGHT | CIVIL ACTION |
| VERSUS | NO: 15-6876 |
| DEPARTMENT OF HEALTH AND HOSPITALS, OFFICE OF CITIZENS WITH DEVELOPMENTAL DISABILITIES | SECTION: R |

## ORDER AND REASONS

Plaintiffs Derome Seals and Jessie Wright move the Court to permit them to appeal *in forma pauperis* the Court's order dismissing their complaint under Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiffs have failed to identify the issues they intend to present on appeal, and their legal arguments lack good faith. Accordingly, the Court denies the motion.

## I. BACKGROUND

Plaintiff Wright participates in the "New Opportunities Waiver" (NOW) program and receives services from the Louisiana Department of Health and

---

[1] R. Docs. 15, 16.

Hospital's (DHH) Office for Citizens with Development Disabilities.[2] Plaintiff Seals is Wright's father. Plaintiffs allege that an altercation between Wright and a driver for a DHH transportation vendor, Superior Options, caused them to sustain psychological and emotional trauma, loss of appetite, and other injuries.

On December 16, 2015, plaintiffs sued DHH seeking monetary damages for their injuries under the due process clause of the Fourteenth Amendment, the cruel and unusual punishment clause of the Eighth Amendment, the Protection and Advocacy for Individuals with Mental Illness Act of 1986, Titles II and IV of the Americans with Disabilities Act, and the Developmental Disabilities Assistance and Bill of Rights Act of 2000. Plaintiffs also asserted claims under Louisiana tort law, including negligence and intentional infliction of emotional distress. DHH moved to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiffs failed to plead a claim against DHH upon which relief may be granted. The Court granted the motion as to plaintiffs' federal-law claims and dismissed plaintiffs' state-law claims for lack of jurisdiction.

---

[2] Unless otherwise noted, the Court draws these facts from its order granting DHH's motion to dismiss. R. Doc. 12.

Plaintiffs now move the Court to permit them to proceed *in forma pauperis* on appeal.[3] Seals indicates that his gross wages are $1,189 per month, compared to regular monthly expenses of $1,212.[4] Seals also indicates that he has a current checking account balance of $50 and other assets valued at $550.[5] Wright reports no sources of income, a checking account balance of $30, and no other accounts or assets.[6]

## II.   LEGAL STANDARD

A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant must provide the court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such

---

[3] R. Docs. 15, 16.

[4] R. Doc. 15.

[5] *Id.*

[6] R. Doc. 16.

3

affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue not frivolous." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo–Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).

### III. DISCUSSION

Although plaintiffs sufficiently demonstrate their inability to pay legal fees related to their appeal, the Court nonetheless concludes that plaintiffs' motion to proceed *in forma pauperis* lacks merit. The Court denies the motion because plaintiffs fail to indicate what issues they intend to pursue on appeal and because their appeal is not taken in good faith.

Plaintiffs' motion must be denied because they have not indicated to the Court which issues they intend to pursue on appeal. A litigant who wishes to

4

proceed *in forma pauperis* in the court of appeals is required to provide the district court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); 28 U.S.C. § 1915(a)(1) (requiring affidavit to "state the nature of the . . . appeal and affiant's belief that the person is entitled to redress"). Plaintiffs did not comply with this requirement because their *in forma pauperis* motions and notice of appeal contain no indication of the issues that plaintiffs intend to present on appeal. Plaintiffs' complaint seeks relief under a number of constitutional provisions, federal statutes, and state tort-law doctrines. Without a statement of the specific issues they intend to pursue in the court of appeals, plaintiffs' *in forma pauperis* motion must be denied. *See McQueen v. Evans*, 1995 WL 17797616, at *2 (5th Cir. 1995) (per curiam) (failure to present issue for appeal in an *in forma pauperis* motion constitutes abandonment of that issue); *see also Smith v. Bd. of Brevard County*, 2010 WL 2026071, at *1 (M.D. Fla. 2010) (denying *in forma pauperis* motion that failed to present issues for appeal); *United States v. One 2000 Land Rover*, 2008 WL 4809440, at *2 (S.D. Ala. 2008) (same); *Wentworth v. Morgan*, 2007 WL 710167, at *1 (E.D. Ky. 2007) (same); *Carson v. AJN Holdings*, 2007 WL 843845, at *1–2 (E.D. Tenn. 2007) (same).

In addition, even if plaintiffs intend to raise all of the arguments in their complaint on appeal, their motion is frivolous because it lacks an arguable basis in law or in fact. As the Court explained in its order granting DHH's motion to dismiss, plaintiffs cannot state a claim under either the Protection and Advocacy for Individuals with Mental Illness Act of 1986, 42 U.S.C. § 10801 *et seq.*, or the Developmental Disabilities and Assistance and Bill of Rights Act of 2000, 42 U.S.C. § 15001 *et seq.*, because neither statute creates privately enforceable federal rights. *See, e.g.*, *Monahan v. Dorchester Counseling Ctr., Inc.*, 961 F.2d 987, 994 (1st Cir. 1992); *Dowdell v. Love's Travel Shop*, No. 7:12CV00516, 2013 WL 3655666, at *1 (W.D. Va. July 12, 2013). Plaintiffs fail to state a claim under the Americans with Disabilities Act because they do not allege that DHH treated Seal or Wright different than others because of any disability. And although the Court construes plaintiffs' complaint broadly because of their *pro se* status, *see Davison v. Huntington Ingalls, Inc.*, 712 F.3d 884, 885 (5th Cir. 2013), the Court cannot discern from plaintiffs' pleadings any possible constitutional claim actionable against DHH under 42 U.S.C. § 1983. Although plaintiffs allege that DHH's vendor was negligent in its provision of NOW-related services, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." *Herrera v. Millsap*, 862 F.2d 1157,

6

1160 (5th Cir. 1989) (quoting *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). As to plaintiffs' remaining claims against DHH under state law, those are properly dismissed for lack of jurisdiction. *See* 28 U.S.C. § 1367(e) (noting that a district court may decline to exercise supplemental jurisdiction over a claim once the court dismisses all claims over which it had original jurisdiction).

For these reasons, plaintiffs fail to demonstrate that their appeal is taken in good faith. Without evidence that plaintiffs "legal points [are] arguable on their merits (and therefore not frivolous)," the Court must deny their motion to proceed *in forma pauperis*. *See Arroyo-Jurado*, 477 F. App'x at 151.

## IV.  CONCLUSION

For the foregoing reasons, plaintiffs' motion to proceed *in forma pauperis* is DENIED.

New Orleans, Louisiana, this 15th day of June, 2016.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE